IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FOTI KARASTAMATIS and PETE QUIMBY, Individually and on behalf of all other Similarly situated current and former employees, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:15-cv-02263-STA-tmp ) |
| DEVERE CONSTRUCTION COMPANY, INC., A Michigan Corporation, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

Before the Court is Defendant DeVere Construction Company, Inc. ("DeVere")'s Motion to Set Aside Entry of Default (ECF No. 46) filed on July 15, 2016. Plaintiffs Foti Karastamatis and Pete Quimby have responded in opposition, and DeVere has filed a reply brief. For the reasons set forth below, DeVere's Motion is **GRANTED**.

**BACKGROUND**

On April 15, 2016, counsel for DeVere filed a motion to withdraw (ECF No. 33). For cause counsel showed that DeVere had terminated counsel's representation. Counsel attached a copy of DeVere's termination letter (ECF No. 33-1) to its motion to withdraw. According to DeVere's termination letter, DeVere understood that as a business organization, it could not represent itself. However, DeVere's letter conceded somewhat cryptically that it did not "know what the future holds" for the company. The Court granted counsel for DeVere's motion to withdraw on April 20, 2016, and gave DeVere 30 days from that date in which to assess its

1

options.  On May 23, 2016, the Court entered a second order directing DeVere to retain counsel and have counsel enter an appearance within 30 days or risk default judgment for failure to secure proper representation.  When DeVere did not retain replacement counsel and have counsel file a notice of appearance as directed, the Court instructed the Clerk to enter default against Defendant on June 27, 2016.  By separate order on June 27, 2016, the Court granted Plaintiffs' motion for leave to amend their pleadings and add new parties as Defendants.  The Clerk of Court entered default against Defendant on June 29, 2016, for DeVere's failure to retain replacement counsel within the time set by the Court.

In the Motion now before the Court, DeVere requests that the Court set aside the default and allow the case to proceed on the merits.  DeVere rehired its original counsel of record when DeVere learned of Plaintiffs' Amended Complaint (ECF No. 42), which Plaintiffs filed on June 28, 2016.  DeVere promptly filed an answer (ECF No. 47) to the Amended Complaint and acted through counsel to have the default against it set aside.  DeVere argues that all of the equitable factors the Court must consider weigh in favor of setting aside the default.  DeVere has meritorious defenses to Plaintiffs' claims under the Fair Labor Standards Act ("FLSA").  Plaintiffs seek overtime guaranteed by the FLSA; however, DeVere alleges that it properly treated Plaintiffs as exempt employees under either the executive employee exemption, the administrative employee exemption, or both.  DeVere further alleges that the case is ill-suited for treatment as a collective action because Plaintiffs are not adequate representatives for the proposed class.  This factor weighs in favor of setting aside the default.

Setting aside the default will also not cause Plaintiffs any prejudice.  The brief delay occasioned by DeVere's default has not prejudiced Plaintiffs' opportunity to pursue their claims. According to DeVere, Plaintiffs did not serve any discovery during the discovery period, which

expired July 16, 2016. Plaintiffs have filed a motion for conditional class certification (ECF No. 44) as well as an Amended Complaint alleging claims against 14 new Defendants. In other words, Plaintiffs will continue to litigate their FLSA claims whether the default against DeVere is set aside or not. Based on the status of the case, the parties will likely need an amendment of the current scheduling order deadlines. And even if the Court finds that DeVere's default has caused delay, a delay in the proceedings is by itself not enough to constitute prejudice under Rule 55. DeVere argues then that this factor also weighs in favor of setting aside the default.

Finally, DeVere argues that the Court need not even consider DeVere's culpability because the first two factors weigh in favor of setting aside the default. In any event, DeVere asserts that its conduct was not culpable. DeVere did not act with intent to thwart the proceedings or with a reckless disregard for the effect of its conduct on the proceedings. DeVere is in default only because it did not retain replacement counsel. The Court entered default against DeVere at a time when it was not represented by counsel. DeVere acted promptly to cure the default as soon as the Court entered its order. For all of these reasons, the Court should set aside the default against DeVere and allow the case against DeVere to proceed on the merits.

Plaintiffs have responded in opposition. Plaintiffs object that DeVere has not explained why it terminated counsel's representation in the first place and then waited until the Court had entered default to comply with the Court's instructions to find counsel. And now DeVere has simply re-hired its former counsel with no explanation for its actions. DeVere's conduct suggests a willful disregard for the Court's orders. The timing of DeVere's actions also suggests that DeVere re-hired former counsel simply because it feared increased liability based on the allegations of the Amended Complaint. Therefore, the Court should conclude that DeVere has not shown good cause for setting aside the default.

On August 8, 2016, the Court entered an order directing DeVere to file a reply addressed to the circumstances that resulted in the entry of default against it. The Court noted that DeVere's opening brief had not shown why DeVere was unable to retain counsel (or rehire its original counsel) in the time between April 20, 2016 and July 15, 2016. Under the circumstances, the Court found that a reply brief would assist the Court in its determination of Plaintiff's Motion to Set Aside. DeVere has now filed its reply. DeVere states that it originally terminated counsel's representation due to concerns about the financial future of the company. DeVere is also a named defendant in an unrelated suit before the United States District Court for the Eastern District of Michigan. The court in the Michigan case ordered DeVere to put up $12.5 million as collateral, a sum DeVere does not have and cannot pay. Four of the individual defendants in the Michigan case have now filed for Chapter 7 Bankruptcy protection. Faced with the order from the court in the Michigan case, DeVere could not afford to retain replacement counsel in the case before this Court. DeVere decided to re-hire its former counsel in the case at bar because Plaintiffs' Amended Complaint has alleged claims against improper parties "who could be held liable for actions they did not take and decisions they did not make." DeVere now recognizes that it should have notified the Court about its financial circumstances. And even now if the Court finds that DeVere's conduct was culpable, DeVere argues that good cause still exists to set aside the default. The remaining factors, DeVere's meritorious defenses and a lack of prejudice to Plaintiffs, weigh in favor of allowing the case to proceed on the merits.

## **ANALYSIS**

Rule 55(c) of the Federal Rules of Civil Procedure allows a district court to set aside an entry of default for good cause.[1] To determine whether good cause exists, courts weigh three

---

[1] Fed. R. Civ. P. 55(c).

equitable factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside.[2]  "[T]he court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default."[3]  Here the Court finds that the balance of these factors weighs in favor of setting aside the default.

First, the Court finds that the default was not the result of culpable conduct on DeVere's part.  Culpable conduct includes any "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."[4]  By contrast, "mere negligence or failure to act reasonably is not enough to sustain a default."[5]  In this case DeVere has given the Court a plausible explanation for its failure to retain counsel in the time between the order granting counsel's motion to withdraw in April 2016 and the filing of DeVere's Motion to Set Aside in July 2016.  DeVere has explained that the weakness of its financial position caused it to terminate counsel's representation in April 2016.  Subsequent to counsel's withdrawal, on June 16, 2016, DeVere was ordered in a separate case to pay collateral security in the amount of $12.5 million.  In a brief filed with the Eastern District of Michigan, DeVere represented to that court

---

[2] *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006); *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Although *United Coin* involved a Rule 60(b) motion to set aside default judgment, rather than a Rule 55(c) motion to set aside entry of default, the Court stated that "the three factors [] should be applied in both situations." *Id*. at 845.

[3] *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194-95 (6th Cir. 1986).

[4] *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 844 (6th Cir. 2011).

[5] *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

5

that the company did not have the financial wherewithal to meets such as obligation. DeVere has more recently filed a motion for reconsideration in the Michigan case or in the alternative for the court to supervise the liquidation of its assets. Against this background, the Court finds that DeVere's failure to retain counsel to represent it in this matter was a failure to act reasonably, not an intentional course of action to thwart these proceedings.[6] As such, this factor weighs in favor of setting aside the default against DeVere.

Likewise, the remaining equitable factors, DeVere's meritorious defenses and lack of prejudice to Plaintiffs, appear to be undisputed. A meritorious defense raises "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[7] The Sixth Circuit has held that a defense need only be "good at law"[8] and present only "a hint of a suggestion which, proven at trial, would constitute a complete defense."[9] DeVere has shown "a hint of a suggestion" that it has a meritorious defense to Plaintiffs' FLSA claims for overtime. As for prejudice, the plaintiff must show that a defendant's delay has resulted in one of the following: "loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion."[10] Standing alone, delay or the increased costs of litigation do not suffice to establish prejudice.[11] Even assuming DeVere's default has

---

[6] *Shepard Claims Serv.*, 796 F.2d at 195 ("[T]he district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.").

[7] *$22,050.00 in U.S. Currency*, 595 F.3d at 326 (quoting *Burrell*, 434 F.3d at 834).

[8] *Id*. (citing *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)).

[9] *Id*. (citation and quotations omitted).

[10] *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

[11] *Childress*, 663 F.3d at 842.

occasioned some delay in the orderly progress of the case, there is no indication to the Court that DeVere's default has resulted in any prejudice to Plaintiffs or their claims.

Having considered each of the relevant factors, the Court holds that each weighs in favor of setting aside the default. Therefore, DeVere's Motion is **GRANTED**.

  **IT IS SO ORDERED**.

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        UNITED STATES DISTRICT JUDGE

        Date: August 26, 2016.