IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FOTI KARASTAMATIS and PETE QUIMBY, Individually and on behalf of all other Similarly situated current and former employees, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:15-cv-02263-STA-tmp ) |
| DEVERE CONSTRUCTION COMPANY, INC., A Michigan Corporation, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING IN PART MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Before the Court is Plaintiffs Foti Karastamatis and Pete Quimby's Motion for Conditional Certification (ECF No. 44) filed on June 30, 2016. Defendant DeVere Construction Company, Inc. ("DeVere") has filed a response in opposition. For the reasons set forth below, Plaintiffs' Motion for Conditional Certification is **DENIED IN PART**.

On June 28, 2016, Plaintiffs filed an Amended Complaint (ECF No. 42) against DeVere and named a number of new parties as Defendants ("the new Defendants"). Plaintiffs alleged that DeVere and the new Defendants were their joint employers and were liable for violations of the Fair Labor Standards Act ("the FLSA"). Two days later Plaintiffs filed the instant Motion for Conditional Certification, seeking conditional certification of all individuals who were employed by DeVere and/or the new Defendants as superintendents during the proposed class period. DeVere responded in opposition to conditional certification, arguing in part that the

1

Plaintiffs' request was premature because Plaintiffs had not yet served the new Defendants with the Amended Complaint.

On November 16, 2016, the Court ordered Plaintiffs to show cause as to why their claims against the new Defendants should not be dismissed for failure to effect service within 90 days of filing the amended pleading. More than 90 days had passed since the filing of Plaintiffs' Amended Complaint, and there was no evidence that Plaintiffs had successfully served the Amended Complaint on any of the new Defendants or even caused summons to issue. None of the new Defendants had filed an answer or appeared to defend, and Plaintiffs had failed to take any further action.[1] The Court gave Plaintiffs until December 2, 2016, to file a written response and warned Plaintiffs that a failure to respond by that date would be deemed good grounds to dismiss Plaintiffs' claims against the new Defendants named in the Amended Complaint without prejudice pursuant to Rule 4(m).

Plaintiffs filed a Show Cause Response on December 4, 2016, two days after the Court had ordered Plaintiffs to file their written response. In an order dated December 12, 2016, the Court dismissed Plaintiffs' claims against the new Defendant. The Court found that Plaintiffs had failed to show why the Court should not dismiss their claims against the new Defendants for failure to serve within the time allowed under Federal Rule of Civil Procedure 4(m). Plaintiffs did not file a timely response to the show cause order. In the brief they did file, Plaintiffs did not actually explain why they had not yet served the new Defendants. The Court concluded that

---

[1] On August 19, 2016, counsel for DeVere filed a suggestion of bankruptcy (ECF No. 53) on behalf of new Defendants Richard Lee "Dick" Crittenden, Michael Bruce Crittenden, Cynthia Sue Gabara, and Cheryl Jean Lumsden. No party has shown why the Bankruptcy Code's automatic stay applied to stay the proceedings against all other Defendants.

dismissal without prejudice was mandatory. Therefore, the Court dismissed Plaintiffs' claims against the new Defendants without prejudice.

Having dismissed Plaintiffs' claims against the new Defendants, the Court now finds that Plaintiffs' Motion for Conditional Certification is not well-taken. Plaintiffs' Motion argues that the Court should grant conditional certification as to a class of individuals who were jointly employed by DeVere and the new Defendants. In support of their Motion, Plaintiffs refer to "company-wide policies." But the "company" at issue, according to Plaintiffs, was actually a number of entities operating as a joint employer or integrated enterprise for purposes of the FLSA. The Amended Complaint alleges that "[t]he corporate Defendants [a collective reference to DeVere and those new Defendants identified in the pleadings as business organizations] constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating a construction company) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r)." (Am. Compl. ¶ 33.) Both the Amended Complaint and the form of notice proposed by Plaintiffs in conjunction with their Motion for Conditional Certification describe all Defendantts (except the individuals named among the new Defendants) simply as "DeVere."

The Court finds that without the new Defendants as parties to this action, Plaintiffs' Motion for Conditional Certification is moot as far as it relates to the conditional certification of any collective action involving individuals employed (formerly or currently) by any entity other than DeVere itself. As is clear from the foregoing, Plaintiffs' amended pleadings and their Motion for Conditional Certification presume the existence of a joint employment relationship and/or integrated enterprise constituted by many different businesses. Plaintiffs request

conditional certification then of a collective of individuals who currently have or once had employment relationships with entities other than DeVere.  The premise of Plaintiffs' theory is the existence of a joint employment relationship or integrated enterprise.  However, no other party is named as Defendant or is otherwise properly before the Court.  Nothing in Plaintiffs' submissions has shown why the Court should conditionally certify a collective action involving any Defendant besides DeVere.  To the extent then that Plaintiffs request conditional certification for claims against the new Defendants named in the Amended Complaint, that request must be **DENIED**.

Plaintiffs' request for conditional certification against DeVere remains.  Instead of parsing Plaintiffs' opening brief to divine which potential members of the putative collective were actually employed by DeVere and then decide whether Plaintiffs have shown cause for certification of a collective action involving some or all of those individuals, the Court prefers to receive additional briefing from Plaintiffs in light of the dismissal of the new Defendants.  Therefore, Plaintiffs are ordered to file a brief accounting for the dismissal of the new Defendants and describing why conditional certification is appropriate as to DeVere.  Plaintiffs should also revise any of their supporting materials such as the proposed notice or proposed consent to join accordingly.  Plaintiffs' brief is due within 28 days of the entry of this order.  DeVere's response will be due 28 days later.

    **IT IS SO ORDERED**.

                                     **s/ S. Thomas Anderson**
                                     S. THOMAS ANDERSON
                                     UNITED STATES DISTRICT JUDGE

                                   Date:  December 16, 2016.